# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DELPHINA CARLO, Individually and as Personal
Representative of the Estate of DAVID MILLER,
DEBORAH MILLER-CASTILLO, RONALD MILLER,
AND RANDALL MILLER,

    Plaintiffs,

vs.                                                     No.

THE UNITED STATES OF AMERICA,

    Defendant.

## PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND MEDICAL NEGLIGENCE

Plaintiffs, by and through their undersigned attorneys, and for their complaint against Defendant, state and allege:

## PARTIES

1. This is a medical negligence action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA") and New Mexico medical negligence law for medical negligence resulting in injuries, damages, and the wrongful death of Plaintiff David Miller. Plaintiff claims that at all times material, the negligence complained of herein occurred at the Northern Navajo Medical Center ("NNMC"), Shiprock, Navajo Nation, New Mexico, operated by the United States of America through the Department of Health and Human Services, as an Indian Health Services (IHS) medical facility located in Shiprock, New Mexico.

2. Plaintiffs Delphina Carlo, Individually and as Personal Representative of the Estate of David Miller, Deborah Miller-Castillo, Ronald Miller, and Randall Miller, surviving children of

Plaintiff decedent David Miller, are enrolled members of the Navajo Nation, a federally recognized tribe of Indians, and are all residents of the State of New Mexico.

3. Defendant United States of America ("United States"), through its agents, employees, and through the Department of Health and Human Services, Public Health Service, IHS, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled NNMC where claims of negligence arose. The United States employed medical professionals at the NNMC for surgical care and treatment of Navajo patients. The United States is vicariously liable for the acts and omissions of its physicians, agents, and medical personnel.

4. Defendant United States has waived its immunity to suits for monetary damages arising from the tortious acts of its employees, officers, and agents in situations where a private person would be liable for such conduct under the law of the place where the conduct is alleged to have occurred. *See* 28 U.S.C. §1346 (B)(1).

5. Upon information and belief, at all times relevant, Iris Bazing, M.D. ["Bazing"] was a medical doctor who was employed and/or contracted with the United States Indian Health Services for a non-personal and/or personal services employment contract for medical services to be performed at NNMC. Bazing was a federal employee for the purposes of imposing liability on Defendant under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq. Alternatively, Bazing was an independent contractor and not covered under the FTCA. Bazing was performing her medical services as locum tenens. Upon information and belief, and at all times relevant, Bazing resided in New Mexico and was employed at NNMC, when the alleged negligent acts and omissions occurred.

6. At all times relevant, Laverne Jim ["Jim"] was an interpreter who was employed and/or contracted with the United States Indian Health Services for a non-personal services employment

contract for non-medical services to be performed at NNMC. Jim was a federal employee for purposes of imposing liability on Defendant arising under the FTCA. Alternatively, Jim was an independent contractor and not covered under the FTCA. Upon information and belief, and at all times relevant, Jim resided in New Mexico and was employed at NNMC, when the alleged negligent acts and omissions occurred.

7. If Defendant United States was a private person, it would be liable to Plaintiffs in accordance with the laws of the State of New Mexico.

8. As the employer of the employees identified, Defendant United States is vicariously liable for the injuries caused by the wrongful acts and omissions of its officers, employees, contractors and/or agents while acting within the scope of their employment.

## JURISDICTION AND VENUE

9. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

10. This is an action against the United States pursuant to the Federal Tort Claims Act 28 U.S.C. §2671, et. seq. for medical negligence resulting in Plaintiffs damages. This Court has original and exclusive jurisdiction over the United States. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding attorney fees and taxable costs exceeds $75,000.00.

11. This Court may exercise jurisdiction over Defendant United States, which has waived its immunity to the FTCA suits in the courts of the United States. 28 U.S.C. § 1346(b)(1).

12. Plaintiffs have met the jurisdictional prerequisites to suit under the FTCA because they served notice of their intent to sue for the tortious acts complained of herein on June 21, 2021, which is within two (2) years of the incidents complained of herein. *See* 28 U.S.C. § 2401(b).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions that give rise to Plaintiffs' claims occurred in Shiprock which is within the state of New Mexico.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiffs re-allege and incorporates by reference the allegations contained in Paragraphs 1-13 as though fully recited at length herein.

15. At all times material hereto, all the medical providers of NNMC were acting as employees, agents, and/or contractors of the United States of America.

16. At all times material hereto, all the non-medical providers of NNMC were acting as employees, agents, and/or contractors of the United States of America.

17. Alternatively, Bazing and Jim were independent contractors making them individually liable.

18. On March 18, 2019, Defendants negligently provided medical and non-medical services to David Miller proximately causing the wrongful death of David Miller on March 19, 2019.

19. On information and belief, and in the alternative, it is believed that Bazing, Jim and John Does 1-10 and Unknown Entities 1-10, are considered to be independent contractors and not federal employees.

20. All of the acts and omissions, which proximately caused the wrongful death of David Miller and the damages to his family, occurred in Shiprock, Navajo Nation.

21. Any contract for medical services to be performed at NNMC by another entity other than the United States and the Department of Health and Human Services was to directly benefit the Navajo Nation community in the Shiprock area, specifically Plaintiff decedent and plaintiffs. Such

Navajo persons are therefore third-party beneficiaries of those contracted medical services performed at NNMC, including David Miller.

## STATEMENT OF FACTS

22. Plaintiffs re-allege and incorporates by reference the allegations contained in Paragraphs 1 through 21 as though fully recited at length herein.

23. David Miller's date of birth was December 1, 1934.

24. Eighty-four (84) year old Plaintiff decedent David Miller presented to the primary care clinic where he was evaluated by Bazing for chief complaint of shortness of breath when lying flat that started one week ago, and mid-sternal pain ever since "he started his chemo". Blood pressure was recorded as 110/67, pulse 85, and respirations 16. On examination, Bazing noted regular heart rate and rhythm, normal S1 and S2, and lungs clear to auscultation bilaterally with normal respiratory effort. No edema was observed in the extremities. *No labs or imaging studies were ordered.* Mr. Miller was assessed by Bazing as having GERD for which she prescribed omeprazole 20 mg daily in addition to a refill of his B-12.

25. Bazing, through Navajo translator, Laverne Jim, reported history of gastroesophageal reflux disease (GERD) and a complaint of increased burning sensation in his stomach with swallowing. Mr. Miller relayed, through the interpreter, "when lying down acid comes up and he has to spit it out".

26. Plaintiffs claim that the Navajo interpretation of his reported symptoms was incorrectly relayed as heartburn from cancer treatment when it should have disclosed cardiac involvement, his primary concern.

27. Defendants breached the standard of care on March 18, 2019, when they:

    A. Failed to accurately diagnosis Mr. Miller's heart problems;

B. Failed to order further immediate testing pursuant to Mr. Miller's past history of hypertension and high cholesterol;

C. Failed to keep him for observation despite the obvious discomfort he was in; and

D. Failed to accurately translate Mr. Miller's complaints to Defendant Bazing.

28. On March 19, 2019, Mr. Miller presented to the San Juan Regional Medical Center emergency department along with his daughter for complaints of epigastric pain with radiation to the back as well as severe weakness, heartburn, and shoulder pain.

29. Tomas Villarreal, MD, noted a past medical history of hypertension and high cholesterol. Mr. Miller went to NNMC the day before and was told he likely had heartburn and was discharged with a proton-pump inhibitor (PPI).

30. Plaintiff decedent's symptoms persisted throughout the day and worsened over the previous two hours. He was noted to be tachycardic with low blood pressure which was concerning for cardiogenic shock. Initial echocardiogram suggested acute anterior STEMI, and his troponin was 5.97.

31. He was taken emergently to the cardiac cath lab where he was found to have severe three-vessel disease including 100% occlusion of the left anterior circumflex artery, chronic occlusion of the mid right coronary artery, and a 95% lesion in the proximal circumflex artery.

32. Given his advanced age and severe disease, Faraz Sandhu, MD, proceeded with revascularization of the circumflex artery, but decided against placing a balloon pump or Impella for hemodynamic support.

33. Mr. Miller was to be transferred to the ICU for dual antiplatelet therapy and continuation of pressure support for cardiogenic shock. While in the cath lab holding area, waiting for a bed in the ICU, he became bradycardic and agitated. He then became unresponsive and passed away at

8:33 p.m.

34. Plaintiff decedent Miller died on March 19, 2019.

## COUNT I
## MEDICAL NEGLIGENCE

35. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 34 as though fully recited at length herein.

36. At all times relevant hereto, the relationship of medical provider-patient existed between Plaintiff decedent David Miller and Defendants.

37. At all times pertinent hereto, and as to all acts alleged herein, Defendants were agents individually and jointly of each other and were acting within the scope of their employment and their duties, and otherwise acting with the full knowledge and consent of each other.

38. Defendants are vicariously liable for the negligent acts and omissions at NNMC as alleged herein.

39. Defendants owed the Plaintiffs a duty to provide medical care of a nature and quality that was appropriate for a patient such as Plaintiff decedent David Miller.

40. In treating and caring for Plaintiff decedent David Miller, Defendants failed to exercise ordinary care and this failure proximately resulted in injury to Plaintiff decedent David Miller.

41. Among other things, Defendants acting in the scope of their employment or agency at the NNMC, were negligent, without limitation, in the following regards:

   A. Failure to possess and apply the knowledge, skill, and care of a reasonably well-qualified practitioner under similar circumstances;

   B. Failure to use reasonable care when performing examinations, care, and treatment of Plaintiff decedent David Miller;

C.  Failure to reasonably ensure sufficient medical supplies were on-hand to provide reasonable care and treatment of Plaintiff decedent David Miller;

D.  Failure to identify the extent of Plaintiff decedent David Miller's condition and act with reasonable medical prudence in his treatment and care;

E.  Failure to appropriately transfer Plaintiff decedent David Miller to a facility capable of managing his condition.

42. The negligent acts and omissions of Defendants were a cause or contributing cause of Plaintiff decent David Miller's death on March 19, 2019.

43. As a direct and proximate result of Defendants' negligence, Plaintiffs seek those damages allowable for the wrongful death of Plaintiff decedent David Miller.

## COUNT II
## WRONGFUL DEATH AND LOSS OF CONSORTIUM

44. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 43 as though fully recited at length herein.

45. Plaintiff Delphina Carlo individually and as personal representative of Plaintiff decedent David Miller and the persons who are surviving heirs, all have experienced loss of consortium, the loss of love, affection, companionship, care, protection and guidance, physical and financial support and dependence since the decedent's death and will continue to suffer so into the future.

46. Defendants' negligence and violation of the legal duties and obligations owed to decedent David Miller was a cause and/or contributing cause of Delphina Carlo's loss of consortium damages individually and the damages as personal representative for Deborah Miller-Castillo, Ronald Miller, And Randall Miller

47. Plaintiff Delphina Carlo, as personal representative of decedent David Miller, seeks those damages allowable for the wrongful death of Plaintiff decedent David Miller.

48. Plaintiff Delphina Carlo also seeks reasonable burial expenses.

**WHEREFORE**, Plaintiffs pray for an award of damages against Defendant sufficient to fully compensate Plaintiffs for all the injuries and damages described herein, for post judgment interest, for taxable costs, for attorney's fees, and for such other relief as the Court deem proper.

Respectfully submitted,

DAVIS KELIN LAW FIRM, LLC

*/s/ Zackeree S. Kelin*
Zackeree S. Kelin
127 Bryn Mawr Dr. SE
Albuquerque, NM 87106
(505) 242-7200
zkelin@daviskelin.com