IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DELPHINA CARLO et al.,

    Plaintiffs,

v.                                                                 1:22-cv-00188-DHU-JHR

DR. IRIS BAZING and
UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff decedent David Miller died on March 19, 2019, the day after he received medical care at the Northern Navajo Medical Center ("NNMC"). Plaintiffs, personal representatives and surviving children of Mr. Miller, brought this action against Dr. Iris Bazing and the United States under the Federal Tort Claims Act, 28 USC § 2671, ("FTCA"), and New Mexico medical negligence law. Both Defendants moved to dismiss the case and argued, among other things, that this Court lacks subject matter jurisdiction to hear the case. After careful consideration of the motions and the arguments made at the hearing this Court held, the Court DENIES, in part, both motions to dismiss at this stage of the litigation and will order limited jurisdictional discovery.

## I.
## FACTS AND PROCEDURAL BACKGROUND

Plaintiff decedent David Miller ("decedent") went to the NNMC on March 18, 2019. Pl.'s Amend. Compl. ¶ 27, Doc. 21. He presented to the primary care clinic with complaints of shortness of breath while lying flat. *Id.* Decedent also was experiencing mid-sternal pain since he had started chemotherapy. *Id.* Decedent was examined by Defendant Dr. Bazing and she

1

recorded that his blood pressure was 110/67, he had a pulse of 85, and respirations of 16. *Id.* Mr. Miller had a significant medical history for hypertension, high cholesterol, and Type II NSTEMI (a type of heart attack). *Id.* at ¶ 28. Mr. Miller's active medication list included heart medications, aspirin and clopidogrel (a medication used to prevent heart attacks). *Id.* Dr. Bazing noted a regular heart rate and rhythm, normal S1 and S2, and lungs clear with normal respiratory effort. No edema was observed. *Id.* at 29. No labs or imaging studies were ordered, and the decedent was assessed by Dr. Bazing as having gastroesophageal reflux disease ("GERD") and she prescribed him omeprazole 20 mg daily in addition to a refill of his B-12. *Id.*

During Mr. Miller's examination, Dr. Bazing communicated with him through a Navajo translator, Laverne Jim. Plaintiffs contend that Ms. Jim reported to the doctor that Mr. Miller was experiencing GERD and had a burning sensation in his stomach with swallowing, and that "when lying down acid comes up and he has to spit it out." *Id.* at 30. Plaintiffs allege that the interpretation of his reported symptoms were incorrectly reported as heartburn from Mr. Miller's cancer treatment instead of cardiac issues. *Id.* at 31.

On March 19, 2019, Mr. Miller presented to the San Juan Regional Medical Center emergency department with his daughter with complaints of "epigastric pain with radiation to the back as well as severe weakness, heartburn, and shoulder pain." *Id.* at 33. Dr. Tomas Villarreal noted a history of hypertension and high cholesterol. *Id.* at 34. Mr. Miller was noted to be tachycardic with low blood pressure, and his initial echocardiogram suggested acute anterior STEMI with a troponin of 5.97. *Id.* at 35. He was taken to the "cardiac cath lab" and was found to have severe three vessel disease including 100% occlusion of the left anterior circumflex artery, chronic occlusion of the mid right coronary artery and a 95% lesion in the proximal circumflex artery. *Id.* at 36. Mr. Miller was then transferred to the ICU for dual

antiplatelet therapy and continuation of pressure support for cardiogenic shock. *Id.* at 38. While he was waiting for a bed in the ICU, he became bradycardic and was agitated. *Id.* Mr. Miller died at 8:33 pm on March 19, 2019.

On March 14, 2022, Plaintiffs (Delphina Carlo, appearing both individually and as a personal representative of the estate of Mr. Miller, and family members Deborah Miller-Castillo, Ronald Miller, and Randall Miller) filed a complaint alleging wrongful death and medical negligence against the United States of America, Dr. Bazing, and CHG Companies, Inc.[1] The complaint was brought under the Federal Tort Claims Act, 28 USC § 2671 ("FTCA"), and New Mexico medical negligence law for medical negligence that resulted in injuries, damages and the wrongful death of the decedent. Plaintiffs filed an amended complaint on October 25, 2022 (Doc., 21).

On November 23, 2022, Dr. Iris Blazing filed her motion to dismiss the claims against her, arguing that: 1) the statute of limitations bars the action against her; 2) this Court does not have subject matter jurisdiction because there is a lack of diversity; and 3) the FTCA does not apply to her because she is an independent contractor, not an employee.

Defendant United States filed a separate motion to dismiss on June 6, 2023, also based on three arguments: 1) this Court does not have subject matter jurisdiction because the FTCA does not apply to Dr. Bazing; 2) Plaintiffs have not properly exhausted their administrative remedies; and 3) the translator claims are not cognizable.

On November 16, 2023, this Court held a hearing on both motions to dismiss. *See* Doc. 58.

---

[1] Defendant CHG was dismissed from this action on January 23, 2023. *See* Doc. 41.

## II.
## LEGAL STANDARDS

Motions filed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) assert that a complaint lacks subject-matter jurisdiction and/or fails to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6). A "court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

Federal courts are courts of limited subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court only has jurisdiction to hear cases involving a federal question under 28 U.S.C. §1331 or cases where diversity jurisdiction exists under 28 U.S.C. §1332. Diversity jurisdiction "requires complete Diversity - no plaintiff may be of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905 (10th Cir. 2015). For there to be jurisdiction under the FTCA, plaintiffs must allege "the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Due to the fact that the FTCA is a waiver of sovereign immunity, "the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, at 852 (10th Cir. 2005).

## III.
## DISCUSSION

**A. Defendant Dr. Bazing's Motion to Dismiss**

    **1. Diversity of citizenship**

Dr. Bazing asserts that there is no jurisdiction in this case because there is no diversity of citizenship, and therefore no complete diversity. Dr. Bazing claims she is a resident of New Mexico and Plaintiff Carlo is also a resident of New Mexico. Defendant argues that Plaintiffs admitted that Dr. Bazing is a resident of New Mexico in their amended complaint. *See* Doc. 21 at ¶ 2.

Plaintiffs argue that Dr. Bazing is a resident of Maryland and so diversity in this case exists.[2] Specifically, Plaintiffs claim that a tracking service identified Dr. Bazing as a resident of Maryland where she owns a home. Pl.'s Resp. at 5, Doc. 42. The address for that property is the same address where her medical license is listed, and where she is registered to vote. *Id.* Dr. Bazing also has a phone number with a Baltimore, Maryland area code. *Id.* Plaintiffs also assert that Dr. Bazing has converted her motion to a Rule 56 Motion and has therefore created a factual question for which Plaintiffs are entitled to conduct discovery" *See* Fed. Civ. Pro. Rule 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: a) defer… or deny; b) allow time to… take discovery…")

Courts are required to convert Rule 12 motions to Rule 56 motions when jurisdiction is intertwined with merits issues, *see Holt,* 46 F.3d at 1003. It is therefore appropriate to convert

---

[2] Plaintiffs have also clarified that they believe that there is a legal difference between being a resident of a state and being a *citizen* of that state, and that the amended complaint does not represent any concession on the issue of citizenship.

5

Defendant Bazing's motion into a Rule 56 motion because the diversity issue, and the other claims made by Dr. Bazing in her motion to dismiss[3], require the Court to resolve jurisdiction issues which intertwine with the merits of the case. Given that there are factual disputes regarding diversity and whether Dr. Bazing is a citizen of New Mexico or Maryland, the Court will order limited jurisdictional discovery to determine the citizenship of Dr. Bazing.[4]

### 2. Notice and the Statute of Limitations

Dr. Bazing claims she never received notice concerning this action until after the statute of limitations had passed. The New Mexico Medical Malpractice Act ("NMMA") provides for a statute of limitations for medical negligence claims that is three years from the date of the alleged negligent act. *See* §§ NMSA 41-5-1 and §41-5-13. The New Mexico Wrongful Death Act ("WDA") state statutes prescribe a statute of limitations of three years from the date of the alleged wrongful death. *See* § § NMSA 41-2-2.

The alleged date of medical negligence in this case is March 18, 2019. The alleged wrongful death was on March 19, 2019. Therefore, according to Dr. Bazing, the statute of limitations expired on March 17, 2022 and March 18, 2022, with respect to the medical malpractice and wrongful death claims. *See* Doc 28 at 5. Dr. Bazing argues that she was first named as a defendant in Plaintiffs' amended complaint which was filed on October 25, 2022, months after the statutes of limitations expired. *See id., see also* Doc. 21.

---

[3]The other claims are the statute of limitations and independent contractor claims which are analyzed in subsequent paragraphs, both of which require the resolution of jurisdictional issues.

[4] This decision is consistent with Tenth Circuit precedent. *See Fowler v. United States*, 647 F.3d 1232, 1236 (10th Cir. 2011) ("[H]ere, both the substantive claim and the jurisdictional issue require application of the FTCA.... Therefore, and because all the parties have relied upon evidence outside the pleadings …. the Court shall convert the United States' motion into one for summary judgment." (internal citations omitted.))

Plaintiffs do not contest these facts. Instead, they argue that the amended complaint falls under the exception of the related back doctrine (Federal Rules of Civil Procedure 15(c)). Plaintiffs properly served Dr. Bazing. Pl.'s Resp. at 7, Doc. 42. Plaintiffs believe that their amended complaint meets the requirements of Fed. R. Civ. P. 15(c), and that Dr. Bazing had notice of this action since the time Plaintiffs filed their administrative Form 95 claims.[5] In particular, Plaintiffs argue that,

> Dr. Bazing had specific knowledge under the terms of the contract that her care at Northern Navajo Medical Center during the subject time period that she may be subject her to liability and be require to indemnify the United States for claims brought for such care. Thus, she should have known she was subject to the claims when Plaintiffs filed the Administrative Form-95 claims.

Plaintiffs then request additional discovery which they believe will demonstrate that Dr. Bazing had actual or constructive notice of this lawsuit.

Plaintiffs and Defendant Bazing clearly dispute whether or not Dr. Bazing had notice. This Court will order limited discovery on the issue of whether or not Dr. Bazing had notice of this lawsuit prior to being named a defendant.[6]

### 3. Independent Contractor Claims

Dr. Bazing also argues that she was an independent contractor, not a federal employee, and therefore is not subject to the FTCA. This jurisdictional argument was more fully briefed in Defendant United States' motion, and the issues will therefore be discussed in the subsequent section. At this time, the Court will deny Dr. Bazing's motion to dismiss with regards to the

---

[5] Form 95 is the proper administrative form which puts the government on notice that they are going to be sued for medical negligence. *See Claim for Damage, Injury or Death,* Form # SF95, U.S. General Services Administration, https://www.gsa.gov/system/files/SF95-07a.pdf.
[6] Plaintiffs made an equitable tolling argument as well in order to justify the late addition of Dr. Bazing to the complaint. This issue has not been fully briefed or argued by both parties. However, at this point it is not necessary to explore that issue since the Court is denying the motions to dismiss and ordering limited jurisdictional discovery.

independent contractor claims and order limited discovery on these claims consistent with the Court's ruling on Doc. 47 below. The discovery will resolve both Defendants' arguments concerning the FTCA's waiver of immunity.

## B. Defendant United States' Motion to Dismiss

### 1. Subject Matter Jurisdiction and the FTCA

In its motion to dismiss, Defendant United States argues that Dr. Bazing is not an employee of the United States. The Defendant argues that Dr. Bazing's contract clearly labels her as an independent contractor and "the FTCA's independent contractor exception expressly insulates the government from liability for the alleged negligence of independent contractors of the federal government." Def. U.S.' Mot. at 8, Doc. 47. Defendant points out that the FTCA only waives the United States' sovereign immunity for employees, not independent contractors.

Plaintiffs disagree and argue that Dr. Bazing falls under the independent contractor exception of the FTCA. This exception allows independent contractors to be considered by courts as government employees for the purposes of the FTCA. *See* 28 U.S.C. § 1671. Plaintiffs argue that Rule 56 governs motions concerning jurisdictional questions and the FTCA because "the determination of whether the FTCA excepts the government's actions from its waiver of sovereign immunity involves both jurisdictional and merits issues." *Redmon By & Through Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991).

The FTCA is a waiver of sovereign immunity which allows the United States to be sued for damages for torts committed by government employees who were acting within the scope of their duties. *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). Therefore, "The government can only be held liable under the FTCA for the negligence of its employees." *Bethel v. United States*, 456 F. App'x 771, 778 (10th Cir. 2012). It is well established that the FTCA

does not provide a blanket waiver of sovereign immunity for independent contractors. *United States v. Orleans*, 425 U.S. 807, 813-14 (1976); *Logue v. United States*, 412 U.S. 521, 528 (1973). However, there is a limited waiver for independent contractors, depending on the degree of control the government had over the performance of the contractor. *See Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004). The Court must consider seven factors in order to determine whether or not an individual is an employee:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses her own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir. 1989). *See also Norton v. Murphy,* 661 F.2d 882 (10th Cir. 1981); *Woodruff v. United States,* 389 F.3d 1117 (10th Cir. 2004). Moreover, the Tenth Circuit has recognized that when applying this doctrine to a physician, a court must recognize that a physician "must have discretion to care for a patient and may not surrender control over certain medical details." *Lilly* 876 F.2d at 859. A contract can be useful in determining whether the parties intended the physician to be an employee, though it is not exhaustive. *Id.*

The Court does not need to conduct an analysis of the *Lilly* factors at this time. Plaintiff has requested that Defendant's Rule 12(b)(1) motion be converted to a Rule 56 motion because the resolution of the jurisdictional question is intertwined with the merits of the case. *See Holt,* 46 F.3d at 1003. The Tenth Circuit Court of Appeals has held that whether the FTCA has waived immunity for certain government action involves both jurisdictional and merits issues, which can make conversion to a Rule 56 motion appropriate. *See Bell v. United States,* 127 F.3d 1226,

1228 (10th Cir. 1997); *Redmon,* 934 F.2d at 1155. Given that Defendant United States attached external documentation of the contract in order to prove their argument about the intent of the parties, it is fair to allow additional discovery for Plaintiffs to ascertain whether any of the other *Lilly* factors are present.[7] The Court will order supplemental jurisdictional discovery limited to evidence regarding the *Lilly* factors.[8]

### 2. Exhaustion and Subject Matter Jurisdiction

Defendant United States argues that Plaintiffs' personal injury and loss of consortium claims should be dismissed because Plaintiffs failed to exhaust their administrative remedies. Defendant isolates a specific problem in Plaintiffs' notice document (the Form 95s):

> Plaintiffs seek damages for "allowable for the wrongful death of Plaintiff decedent David Miller." Doc. 21, ¶ 48. Plaintiffs failed to exhaust their administrative remedies by failing to include a sum certain for these alleged personal damages and failing to provide a factual basis for their claims. Instead, each Plaintiff only included a sum certain for wrongful death.

Doc. 47 at 11. Defendant argues that because there was not a sum certain included for the personal injury and loss of consortium claims, these claims must be dismissed for failure to exhaust administrative remedies. The only sum provided by Plaintiffs was in the wrongful death section. Doc. 47 at 12.

Plaintiffs respond that Defendants had actual and direct knowledge of the heirs of the Wrongful Death Estate and their respective loss of consortium claims, though they concede they did not provide a sum certain for those claims. Pl.'s Resp. at 15, Doc. 53. In particular, they

---

[7] Plaintiffs made this request for additional discovery both in their response and at the hearing. *See* Pl.'s Resp. at 9, Doc. 53; Mot. Hr'g Tr., November 16, 2023 at 26:22-24. This Order cites to the court reporter's unofficial transcript. All page citations are subject to change on the official edited version of the transcript.

[8] Defendant Dr. Bazing makes a nearly identical argument, that she was not an employee under the FTCA. This discovery will resolve the jurisdictional questions raised by her motion as well.

point to question 10 on the administrative form, in which Plaintiffs defined the relationship between the claimants and Decedent:

> In addition, the additional surviving children of Mr. Miller, Deborah Castillo Miller, Randall Mill, Ronald Miller, and Arletta Miller make their respective claims for loss of consortium for the wrongful death of their father. See e.g., [Doc. 47] Ex. A [Doc 47-1] at p. 20.

*Id.* Plaintiffs also cited to the Uniform Jury Instruction, UJI 12-1810(A) NMRA, defining the circumstances under which loss of consortium claims can be awarded. According to Plaintiffs, the Government's argument concerning the sum certain is "form over substance." *Id.* at 16.

Exhaustion requirements, like the ones at issue here, are "'jurisdictional and cannot be waived.'" *Morrison v. Kache*, 576 F. App'x 715, 717 (10th Cir. 2014) (quoting *Bradley v. U.S. ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). Moreover, "Whether a plaintiff's administrative claim is sufficient to meet 28 U.S.C. § 2675(a)'s notice requirement is a question of law." *Coffey v. United States*, 906 F. Supp. 2d 1114, 1152 (D.N.M. 2012). Under these circumstances, a claim will be presented to the agency by filing a Form 95, and this claim must "give notice of the underlying facts and circumstances 'rather than the exact grounds upon which plaintiff seeks to hold the government liable.'" *Staggs v. United States ex rel. Dep't of Health & Human Servs.*, 425 F.3d 881, 884 (10th Cir. 2005) (quoting *Estate of Trentadue,* 397 F.3d at 853). The Tenth Circuit has adopted the First Circuit holding that "as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement." *Estate of Trentadue*, 397 F.3d at 852 (citing *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)).

At issue in the case at bar is whether the failure to write a specific sum certain for the *loss of consortium* claims, only, strips this court of jurisdiction to hear it. The FTCA "requires

11

that there be written notification, *plus a claim in a sum certain*, in order to be considered adequate notice." *Bradley*, 951 at 271. Failure to comply with a sum certain amount will result in the case being treated as if no claim had ever been filed. *Id.* For loss of consortium claims the Tenth Circuit has found that "the question is whether the administrative forms … gave the Government specific notice that the claimants intended to assert causes of action on their own behalf…for loss of consortium." *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002). Various courts have found that loss of consortium damages cannot flow simply from a wrongful death claim, but that the facts must be individually alleged. *See McNeese v. United States*, No. 1:17-CV-01164 KWR/KK, 2020 WL 365038 (D.N.M. Jan. 22, 2020);  *Dukert v. United States*, No. CV 14-506 WJ/WPL, 2016 WL 10721258 (D.N.M. Jan. 5, 2016); *Grano v. Weese*, No. 17-CV-0287 SMV/KK, 2017 WL 3051952 (D.N.M. June 27, 2017).

In this case, it is undisputed that Plaintiffs failed to provide a sum certain for the loss of consortium claims. There is no case law in this circuit on the particular question whether the absence of a sum certain *only* is grounds for a failure to exhaust the claim. It is true that many of the cases cited, like *Bradley* and *Haceesa,* concluded that a sum certain was a part of the notice requirements. However, unlike many of the cases cited by Defendants, Plaintiffs did notify the Government of the specific facts required for the loss of consortium claims. What the government lacked was notice of the *amount of damages,* not the nature of the claim.

The relevant Tenth Circuit cases concerned claims in which there was no sum certain at all and/or claims that did not allege any facts concerning loss of consortium claims, like who experienced that loss. *See Bradley,* 951 F.2d at 270 (a case where the Tenth Circuit found that the phrase "in excess of $100,00.00" was not sufficiently specific for a sum certain); *Haceesa*, 309 F.3d at 722 (a case where a plaintiff who only filled out their own administrative form could

not use that same form as notice for the decedent estate's claims); *Dukert*, 2016 WL 10721258 (a case where the district court found that a claim must "assert facts and circumstances" concerning loss of consortium for there to be exhaustion); *McNeese*, 2020 WL 365038 (a case where checking the box for married did not sufficiently put the government on notice that the plaintiff would seek a loss of consortium claim for her dead husband). Given that the government was on notice for the alleged facts of the loss of consortium claims, the Court believes there was sufficient exhaustion on the loss of consortium claims. This decision is consistent with the standards set forth in *Dynamic Image Techs., Inc.* and *Estate of Trentadue ex rel*. Therefore, the Court will allow Plaintiffs to present loss of consortium claims in their case, but they are limited to a sum certain *for all claims* of $10 million. They will not be able to assert a different or additional sum certain because the Government was denied notice on any additional financial claims.

### 3. Negligence claims agains the translator

Defendant United States believes that Plaintiffs' claims against translator Jim are not cognizable. First, they argue that the FTCA only waives sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

According to Defendant, a lay person like Ms. Jim is not liable for the alleged misdiagnosis of a patient. The Government cites to *Basanti v. Metcalf*, 35 F. Supp. 3d 1337 (D. Colo. 2014), *aff'd sub nom*. *Basanti v. United States*, 666 F. App'x 730, 733 (10th Cir. 2016) (unpublished) (a district court in Colorado that had a case with a similar translator claim found

that a plaintiff must prove the failure to use a qualified medical interpreter caused the relevant injuries). Defendants also argue that Plaintiffs would need expert testimony to demonstrate these facts, and that Plaintiffs have not presented them or the Court with any such expert.

Plaintiff argues that the United States is liable for Ms. Jim because she is a federal employee for purposes of the FTCA and was plainly negligent. Whether expert testimony is required is a test of whether medical or scientific knowledge is needed to determine professional judgement. Doc. 53 at 14. In particular, Plaintiffs argue that "[i]f the act involves the use of specialized knowledge or skill to make a judgment call as to the appropriate thing to do or not do, expert testimony will likely be needed to assess the resultant act or failure to act. If not, expert testimony is not required." *Richter v. Presbyterian Healthcare Services*, 2014-NMCA-056, ¶23, 326 P.3d 50. Plaintiff argues that the translator claim involves ordinary care: it is not that the translator made a professional judgement call, but rather simply reported the symptoms incorrectly.

The Court finds that the translator negligence claim is cognizable. First, the government does not dispute that Jim was an employee, and therefore, it is liable for her actions under the FTCA. Second, this Court does not believe that expert testimony is necessarily required in a case like this one. In *Richter,* the New Mexico Supreme Court found that

> The obvious purpose of the charting requirement is to provide a record to assist the physician in properly treating the patient. Physicians depend on the reliability and trustworthiness of the chart. As far as a hospital is concerned, there is no more important record than the chart for indicating the diagnosis, the condition, and the treatment required for patients. In our view, no degree of knowledge or skill is required other than that possessed by the average person to conclude that the applicable standard of care required the hospital to include completed lab tests and lab reports in the patient's chart to aid the doctor in diagnosing and treating the patient.

*Richter,* 2014-NMCA-056 at ¶23. This is an analogous situation to the case at bar. Specialized knowledge is not required to determine that the applicable standard of care required the

translator to translate the patient's complaints accurately. Third, even if medical expert testimony were required, the lack of expert testimony at this time should not preclude the claim. There has been no scheduling order requiring Plaintiffs to disclose experts, and they could still do so. In fact, in the JSR Plaintiff reported that they intended to call experts on: reasonable and necessary nature of the treatment and billing at issue; cardiology; oncology; primary care; an economist to determine lost earning capacity, loss of household services, present value of other damages; and expert concerning medical translation. JSR at 8-9, Doc. 15. For these reasons, the Court will not dismiss Plaintiffs' claims against the translator.

## IV.
## CONCLUSION

The Court denies Defendant Dr. Bazing and Defendant United States' motions to dismiss at this stage of the proceedings. The Court is granting jurisdictional discovery on the following issues: (1) the citizenship of Dr. Bazing; (2) whether Dr. Bazing had notice of the lawsuit before she was served such that her inclusion in the amended complaint would be permitted under Rule 15(c); (3) whether Dr. Bazing is an employee or an independent contractor under the terms of the FTCA. The defendant parties may refile their respective motions to dismiss or motions for summary judgement following discovery.

IT IS THEREFORE ORDERED that Dr. Bazing's motion to dismiss (**Doc. 28**) and United States' motion to dismiss (**Doc. 47**) are **DENIED**.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE